**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**CASE NO.: 1:24-cv-02120**

XYZ CORPORATION,

           Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A",

           Defendants.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff XYZ CORPORATION[1] ("XYZ" or "Plaintiff") by and through its undersigned

counsel, brings this First Amended Complaint against Defendants, the Individuals, Partnerships,

and Unincorporated Associations Identified on Schedule "A" hereto (collectively "Defendants"),

who are promoting, manufacturing, selling, offering for sale and distributing goods infringing

Plaintiff's patent within this district through various Internet based e-commerce stores using the

---

[1] Since it is unknown when Plaintiff's forthcoming *Ex Parte* Motion for Entry of Temporary Restraining Order, Including a Temporary Injunction, an Order Restraining Transfer of Assets, a Temporary Asset Restraint, Expedited Discovery, and Service of Process by Email will be ruled on, Plaintiff's name has been
removed to prevent Defendants from getting advanced notice. Copyright piracy and infringement lawsuits like this one are closely monitored by Chinese defendants on websites like www.sellerdefense.cn, social media (QQ, WeChat, etc.), and elsewhere on the internet. The www.sellerdefense.cn website and others warn infringers specifically of product types, brands, law firms filing cases, and other information necessary for defendants, like those named in this case, to evade Plaintiff's anti-pirating and anti-counterfeiting efforts and hide their ill-gotten gains. Plaintiff will file under seal an Unredacted Complaint which identifies Plaintiff and provides additional information and allegations once the record is unsealed.
[1] Schedule "A" to this Complaint will be filed under seal after this Honorable Court rules on Plaintiff's forthcoming Motion to for Leave to File Certain Documents Under Seal and to Temporarily Proceed Under a Pseudonym.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

seller identities as set forth on Schedule "A" hereto (the "Seller IDs"), and in support of its claims, alleges as follows:

## SUMMARY OF THE ACTION

1.      Plaintiff XYZ brings this action for willful patent infringement under 35 U.S.C. § 271 committed in violation of the Plaintiff's exclusive rights to make, use, offer to sell, or sell Plaintiff's patented invention, within the United States or for importation into the United States any patented invention during the term of the patent-in-suit, and for all the remedies available under 35 U.S.C. §§ 283, 284, and 285.

## SUBJECT MATTER JURISDICTION

2.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3.      This Court has original and exclusive subject matter jurisdiction over this action pursuant to 35 U.S.C. § 271.

## PERSONAL JURISDICTION

4.      Defendants are subject to personal jurisdiction in this district because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of Illinois and this district, through at least the internet-based e-commerce stores accessible in Illinois and operating under their Seller IDs.

5.      Defendants are subject to personal jurisdiction in this district because their illegal activities directed towards the state of Illinois cause Plaintiff injury in Illinois, and Plaintiff's claims arise out of those activities.

6.      Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## VENUE

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are not residents in the United States and therefore there is no district in which an action may otherwise be brought. Defendants are thus subject to the Court's personal jurisdiction.

8.      Venue is proper in this Court pursuant to 28 U.S.C. §1400(b) because Defendants or their agents reside or may be found in this judicial district and therefore subject to the Court's personal jurisdiction.

## THE PLAINTIFF

9.       Plaintiff XYZ CORPORATION is a [REDACTED] limited company, with its principal place of business in [REDACTED].

10.     Plaintiff is a high-end [REDACTED] products manufacturer, mainly engaged in [REDACTED].  Plaintiff sells its products under the [REDACTED] name which is registered at the U.S. Patent and Trademark Office, [REDACTED].

11.     With a design and development team with more than 10 years of experience, [REDACTED] strictly controls every process from the idea to the birth of the product. [REDACTED] basic requirement is beautiful appearance when designing a product, while pursuing the harmony between designed products and nature.  Interactive experience, robustness and product safety are the criteria by which Plaintiff measures its products.  With advanced and innovative design, manufacturing, quality management and excellent service, Plaintiff has become the partner of some high-end brands around the world. [REDACTED] products are sold

in many countries such as Canada, Germany, Holland, Poland, Sweden, Spain, Italy, France, Russia, United Kingdom, Japan, and United States.

12.     Plaintiff's [REDACTED] products are sold through [REDACTED], its own website at [REDACTED], and other authorized retailers.

13.     Plaintiff owns, as part of its intellectual property portfolio, the utility patent described below, that is the subject of this action.

14.     Plaintiff offers for sale and sells its products within the state of Illinois, including this district, and throughout the United States.

15.     Like many other intellectual property rights owners, Plaintiff suffers ongoing daily and sustained violations of its intellectual property rights at the hands of infringers and counterfeiters, such as Defendants herein.

16.     Plaintiff is harmed, the consuming public is duped and confused, and the Defendants earn substantial profits in connection with the infringing conduct.

17.     In order to combat the harm caused by the combined actions of Defendants and others engaging in similar infringing conduct, Plaintiff, expends significant resources in connection with its intellectual property enforcement efforts, including legal fees and investigative fees.

18.     The recent explosion of infringement over the Internet has created an environment that requires companies like Plaintiff's to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and itself from the ill effects of infringement of Plaintiff's intellectual property rights, including consumer confusion and the erosion of Plaintiff's brand.

## PLAINTIFF'S INTELLECTUAL PROPERTY RIGHTS

### A. PLAINTIFF'S PATENT RIGHTS

19.     Plaintiff owns all right, title, and interests in, and/or has standing to sue for infringement of U.S. Patent No. [REDACTED]. A true and correct copy of the Patent Registration is attached hereto as **Exhibit 1** ([REDACTED] Patent[2]).

20.     The [REDACTED] Patent relates to [REDACTED].

21.     Plaintiff's [REDACTED] Patent was issued [REDACTED], has not expired, is valid, and the maintenance fees are current.

22.     Plaintiff has never granted authorization to anyone to import, make, use, or sell goods using Plaintiff's [REDACTED] Patent.

23.     At all times relevant, Plaintiff complied with the federal patent marking statute, 35 U.S.C. § 287(a), as shown in **Exhibit 2**.[3]

## DEFENDANTS

24.     Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

25.     Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, redistribute products from the same or similar sources in those locations, and/or ship their goods from the same or similar sources in those locations to shipping and fulfillment centers within the United States to redistribute their products from those locations.

---

[2] The information on Plaintiff's patent is redacted in initial filing in order to prevent Defendants from getting advanced notice. Pursuant to the Court's Order on Plaintiffs Motion to Seal, Plaintiff will file an Unredacted Complaint which identifies Plaintiff's patent and provides additional information and allegations once the record is unsealed. Exhibit 1 is omitted in initial filing. Plaintiff will attach the Exhibit 1 to the Unredacted Complaint.
[3] Exhibit 2 is omitted in initial filing. Plaintiff will attach the Exhibit 2 to the Unredacted Complaint

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

26.     Defendants are engaged in business in Illinois but have not appointed an agent for service of process.

27.     Upon information and belief, Defendants have registered, established, or purchased, and maintained their Seller IDs.

28.     Defendants target their business activities toward consumers throughout the United States, including within this district, through the simultaneous operation of commercial Internet based e-commerce stores via the Internet marketplace websites under the Seller IDs.

29.     Defendants are the past and present controlling forces behind the sale of products using infringements of Plaintiff's patent rights as described herein operating and using at least the Seller IDs.

30.     Defendants directly engage in unfair competition with Plaintiff by advertising, offering for sale, and selling goods using infringements of Plaintiff's patent rights to consumers within the United States and this district through Internet based e-commerce stores using, at least, the Seller IDs and additional names, websites, or seller identification aliases not yet known to Plaintiff.

31.     Defendants have purposefully directed some portion of their illegal activities towards consumers in the state of Illinois through the advertisement, offer to sell, sale, and/or shipment of infringing and counterfeits goods into the State.

32.     Upon information and belief, Defendants may have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to the Internet based e-commerce platforms or domain registrar where they offer to sell and/or sell during the registration or maintenance process related to their respective Seller IDs.

33.     Upon information and belief, many Defendants registered and maintained their Seller IDs for the sole purpose of engaging in illegal infringing activities.

34.     Upon information and belief, Defendants will likely continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale infringements of Plaintiff's patent rights unless preliminarily and permanently enjoined.

35.     Defendants use their Internet-based businesses to infringe the intellectual property rights of Plaintiff and others.

### JOINDER OF DEFENDANTS IN THIS ACTION IS PROPER

36.     Defendants are the individuals, partnerships, and unincorporated associations set forth on Schedule "A" hereto.

37.     Defendants are promoting, selling, offering for sale, and distributing goods infringing Plaintiff's [REDACTED] Patent within this district.

38.     Joinder of all Defendants is permissible based on the permissive party joinder rule of Fed. R. Civ. P. 20(a)(2) that permits the joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all Defendants will arise in the action.

39.     Joinder of the multiple Defendants listed in Schedule "A" attached hereto is permitted because Plaintiff asserts rights to relief against these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action.

40.     Joinder of the multiple Defendants listed in Schedule "A" attached hereto serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Plaintiff, Defendants, and this Court.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

41.     Joinder of the multiple Defendants listed in Schedule "A" attached hereto will not create any unnecessary delay nor will it prejudice any party. On the other hand, severance is likely to cause delays and prejudice Plaintiff and Defendants alike.

42.     Joinder of the multiple Defendants listed in Schedule "A" is procedural only and does not affect the substantive rights of any Defendant listed on Schedule "A" hereto.

43.     This Court has jurisdiction over the multiple Defendants listed in Schedule "A" hereto. Venue is proper in this Court for this dispute involving the multiple Defendants listed in Schedule "A" hereto.

44.     Plaintiff's claims against the multiple Defendants listed in Schedule "A" are all transactionally related.

45.     Plaintiff is claiming willful patent infringement against Defendants of Plaintiff's [REDACTED] Patent.

46.     The actions of all Defendants cause indivisible harm to Plaintiff by Defendants' combined actions engaging in similar infringing conduct when each is compared to the others.

47.     All Defendants' actions are logically related. All Defendants are all engaging in the same systematic approach of establishing online storefronts to redistribute illegal products from the same or similar sources while maintaining financial accounts that the Defendants can easily conceal to avoid any real liability for their actions.

48.     All Defendants are located in foreign jurisdictions, mostly China.

49.     All Defendants undertake efforts to conceal their true identities from Plaintiff, in order to avoid detection for their illegal infringing activities.

50.     All Defendants have the same or closely related sources for their infringing products with some sourcing from the same upstream source and others sourcing from downstream sources who obtain infringing products from the same upstream sources.

51.     All Defendants take advantage of a set of circumstances the anonymity and mass reach the internet affords to sell infringing goods across international borders and violate Plaintiff's patent rights with impunity.

52.     All Defendants have registered their Seller IDs with a small number of online platforms for the purpose of engaging in infringement.

53.     All Defendants use payment and financial accounts associated with their online storefronts or the online platforms where their online storefronts reside.

54.     All Defendants use their payment and financial accounts to accept, receive, and deposit profits from their infringing activities.

55.     All Defendants can easily and quickly transfer or conceal their funds in their use payment and financial accounts to avoid detection and liability in the event that the Plaintiff's anti-counterfeiting and anti-pirating efforts are discovered, or Plaintiff obtains a monetary award.

56.     All Defendants violated Plaintiff's patent rights in the United States by the use of common or identical methods.

57.     All Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even though they may not all engage in direct communication or coordination.

58.     Many of the Defendants are operating multiple internet storefronts and online marketplace seller accounts using different Seller IDs listed on Schedule "A". As a result, there are more Seller IDs than there are Defendants, a fact that will emerge in discovery.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

59.     Defendant's business names, i.e., the Seller ID's, associated payment accounts, and any other alias seller identification names or e-commerce stores used in connection with the sale of products infringing Plaintiff's [REDACTED] Patent, are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement and counterfeiting scheme and cause harm to Plaintiff.

60.     By selling infringing products using Plaintiff's [REDACTED] Patent, Defendants drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense. Defendants' e-commerce stores selling infringing goods using the [REDACTED] Patent appear more relevant and attractive to consumers searching for both Plaintiff's goods and goods sold by Plaintiff's competitors online.

61.     Defendants, through the sale and offer to sell infringing products, are directly, and unfairly, competing with Plaintiff's economic interests in the state of Illinois and causing Plaintiff harm and damage within this jurisdiction.

62.     The natural and intended by product of Defendants logically related actions is the erosion and destruction of the goodwill associated with Plaintiff's intellectual property rights and the destruction of the legitimate market sector in which Plaintiff operates.

63.     Upon information and belief, at all times relevant hereto, Defendants have actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's exclusive right to use and license such intellectual property rights.

## DEFENDANTS' INFRINGING ACTIVITIES

64.     Defendants are promoting, advertising, manufacturing, distributing, selling, and/or offering for products that has substantially the same technical features as the

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

[REDACTED] Patent, infringing Plaintiff's patent rights (the "Infringing Goods") through at least the Internet based e-commerce stores operating under the Seller IDs.

65.     Defendants' Infringing Goods practice all elements of claim 1 of the [REDACTED] Patent. Attached as **Exhibit 3** is an infringement opinion of a registered patent lawyer who reviewed the Defendants' Infringing Goods and determined that they infringe all elements of claim 1 of the [REDACTED] Patent.

66.     The infringement opinion contained in **Exhibit 3** contains a claim construction of claim 1 of the [REDACTED] Patent and a claim chart showing images of Defendants' infringing products.

67.     For additional reference, shown below side by side, is a comparison of Plaintiff's original product (on the left) and an image of a sample of Defendants' infringing products (on the right):

**[REDACTED]**

68.     Specifically, Defendants are selling infringing products using the [REDACTED] Patent to initially attract online customers and drive them to Defendants' e-commerce stores operating under the Seller IDs.

69.     Plaintiff has used [REDACTED] Patent extensively and continuously before Defendants began offering infringing products that has substantially the same technical features as the [REDACTED] Patent.

70.     Upon information and belief, Defendants' Infringing Goods are of a quality substantially different than that of Plaintiff's genuine goods with the [REDACTED] Patent.

71.     Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, manufacturing, selling and/or offering for sale substantial quantities of their Infringing Goods without authority to use [REDACTED] Patent.

72.     Defendants advertise its e-commerce stores, including their Infringing Goods offered for sale, to the consuming public via e-commerce stores on, at least, one Internet marketplace website operating under, at least, the Seller IDs.

73.     In so advertising their stores and products, Defendants improperly and unlawfully use the [REDACTED] Patent without Plaintiff's permission.

74.     As part of their overall infringement and counterfeiting scheme, most Defendants are, upon information and belief, concurrently employing and benefitting from substantially similar, advertising and marketing strategies based, in large measure, upon an illegal use of the [REDACTED] Patent.

75.     By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods.

76.     Defendants are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with Plaintiff's business and its intellectual property assets, and (iii) increasing Plaintiff's overall cost to market its goods and educate consumers via the Internet.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

77.     Defendants are concurrently conducting and targeting their infringing activities toward consumers and likely causing unified harm within this district and elsewhere throughout the United States.

78.     As a result, Defendants are defrauding Plaintiff and the consuming public for Defendants' own benefit.

79.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiff's ownership of the [REDACTED] Patent, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

80.     Defendants' use of the [REDACTED] Patent, including the promotion and advertisement, manufacturing, distribution, sale and offering for sale of their Infringing Goods, is without Plaintiff's consent or authorization.

81.     Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's patent rights for the purpose of trading on Plaintiff's goodwill and reputation.

82.     If Defendants' intentional infringing and counterfeiting activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

83.     Defendants' infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase.

84.     Defendants' payment and financial accounts, including but not limited to those specifically set forth on Schedule "A", are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing activities connected to their Seller IDs and any other alias, e-commerce stores, or seller identification names being used and/or controlled by them.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

85.     Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Plaintiff.

86.     Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and infringing activities and its wrongful use of Plaintiff's patent rights.

87.     If Defendants' infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

88.      The harm and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful use, advertisement, promotion, manufacturing, distribution, offers to sell, and sale of their Infringing Goods using the [REDACTED] Patent.

89.     Defendants have sold their infringing products in competition directly with Plaintiff's genuine products.

90.     Plaintiff should not have any competition from Defendants' because Plaintiff never authorized Defendant to use Plaintiff's [REDACTED] Patent.

91.     Plaintiff has no adequate remedy at law.

92.     Defendants' infringing activities are likely to cause and, are actually causing, confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendant's Infringing Goods using without authorization the [REDACTED] Patent.

93.     Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' infringing actions.

## <u>COUNT I – PATENT INFRINGEMENT</u>

94.     Plaintiff incorporates the allegations of paragraphs 1 through 93 of this Complaint as if fully set forth herein.

95.     Plaintiff owns all right, title, and interests in the U.S. Patent No. [REDACTED], claiming the technical and functional features of its [REDACTED] products.

96.     Within the six years preceding the filing of this Complaint, Defendants are making, using, selling, importing and/or offering to sell products which infringe directly or indirectly of the [REDACTED] Patent both literally and under the doctrine of equivalents.

97.     Defendants have infringed the [REDACTED] Patent and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from manufacturing, distributing, selling, offering for sale, and/or importing the patented inventions as well as the loss of sales stemming from the infringing acts.

98.     Defendants' infringement, contributory infringement and/or inducement to infringe has injured Plaintiff and is, therefore, entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

99.     Defendants' infringement, contributory infringement and/or inducement to infringe has been willful and deliberate because Defendants had notice of or knew of the [REDACTED] Patent and has nonetheless injured and will continue to injure Plaintiff, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale, importation and/or offer for sale of products that come within the scope of the [REDACTED] Patent.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

A.      Entry of temporary, preliminary, and permanent injunctions pursuant to 35 U.S.C. § 271 and Federal Rule of Civil Procedure 65 enjoining Defendants, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling, or offering to sell their infringing goods using Plaintiff's [REDACTED] Patent.

B.      Entry of a Temporary Restraining Order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of the injunction issued by this Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of infringing goods using the [REDACTED] Patent.

C.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by this Court disable and/or cease facilitating access to the Seller IDs and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, distribution, offering to sell, and/or selling infringing goods using of the [REDACTED] Patent.

D.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon Plaintiff's request, any messaging service and

Internet marketplace website operators, administrators, registrar and/or top level domain (TLD) registry for the Seller IDs who are provided with notice of an injunction issued by this Court identify any e-mail address known to be associated with Defendants' respective Seller IDs.

      E.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court permanently remove from the multiple platforms, which include, *inter alia*, a direct platform, group platform, seller product management platform, vendor product management platform, and brand registry platform, any and all listings and associated images of infringing goods using the [REDACTED] Patent via the e-commerce stores operating under the Seller IDs, including but not limited to the listings and associated images identified by the "parent" and/or "child" Amazon Standard Identification Numbers ("ASIN") on Schedule "A" annexed hereto, and upon Plaintiff's request, any other listings and images of infringing goods using the[REDACTED] Patent associated with any ASIN linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell infringing goods using the [REDACTED] Patent.

      F.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and this Court's inherent authority that, upon Plaintiff's request, Defendants and any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court immediately cease fulfillment of and sequester all goods

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

of each Defendant using the [REDACTED] Patent in its inventory, possession, custody, or control, and surrender those goods to Plaintiff.

      G.      Entry of an Order requiring Defendants to correct any erroneous impression the consuming public may have derived concerning the nature, characteristics, or qualities of their products, including without limitation, the placement of corrective advertising and providing written notice to the public.

      H.      Entry of an Order requiring Defendants to account to and pay Plaintiff damages for patent infringement in an amount to be determined by the Court pursuant to 35 U.S.C. § 284 which shall in no event be less than a reasonable royalty.

      I.      Entry of an award pursuant to 35 U.S.C § 285 of Plaintiff's reasonable attorney's fees.

      J.      Entry of an Order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs, or other alias seller identification or e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

      K.      Entry of an award of pre-judgment interest on the judgment amount.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

L.      Entry of an Order for any further relief as the Court may deem just and proper.

DATED: March 13, 2024

Respectfully submitted,

*/s/ Joel B. Rothman*

JOEL B. ROTHMAN
Florida Bar Number:  98220
joel.rothman@sriplaw.com
J. CAMPBELL MILLER
Illinois Bar Number:  6345233
campbell.miller@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number:  1032760
angela.nieves@sriplaw.com

**SRIPLAW, P.A.**
231 S. Rangeline Rd.
Carmel, IN 46032
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff XYZ CORPORATION*